ORDERED in the Southern District of Florida on April 11, 2007

John K. Olson, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

JOHN ERNEST DOKIMOS,　　　　　　　　　　Case No. 06-10856-BKC-JKO
　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　Debtor.
_____/

JOHN ERNEST DOKIMOS,　　　　　　　　　　Adv. Pro. No. 06-01929-BKC-JKO-A

　　　　Plaintiff,
v.

RICHARD SEAMAN, RICHARD SEAMAN,
P.A., THE VILLAGE TOWNHOMES OF
COCONUT CREEK, LLC, and MIDDLE
RIVER OASIS, LLC,

　　　　Defendants.
_____/

## JUDGMENT

Upon the Plaintiff's application pursuant to Fed. R. Bankr. P. 7055, incorporating into bankruptcy jurisprudence Fed. R. Civ. P. 55(b)(2), the Court having received evidence with respect to the issues of damages and the proper equitable and other relief to be granted in light of

561629-5

the alternative theories and forms of relief the Plaintiff requested in the Plaintiff's Verified Amended Complaint ("Verified Complaint"), and all of the well-pleaded allegations of the Verified Complaint having been admitted as true, the Court being otherwise fully advised in the premises, judgment in the form provided herein is awarded to the Plaintiff. Based on the deemed admitted facts alleged in the Verified Complaint, (the Court having stricken the untimely Answer and granting the Plaintiff Motion for Entry of Final Judgment, as reflected in the Court's order of March 23, 2007), the Plaintiff is entitled to the relief requested in each count of the Verified Complaint but, inasmuch as some counts seek relief that would be cumulative of the relief requested by other counts, the Court determines that the following relief shall be granted:

1. With respect to Count I, the Court declares that the Plaintiff is a member of Middle River Oasis LLC. Therefore, the Plaintiff is entitled to and hereby shall have an equal membership interest in Middle River Oasis LLC with that held by Defendant Richard Seaman and any of his entities. The Court further determines that the Plaintiff is entitled to equal management say with regard to all affairs of Middle River Oasis LLC.

2. With respect to Counts II, III, XIX-XXIV, the Court declares as follows:

   a. A part interest of the Plaintiff in each of the Antioch Hotel and the Bayshore Hotel (as described in the Verified Complaint and in the below paragraph) were transferred to Defendant Seaman, P.A. and subsequently transferred to Defendant Middle River Oasis, LLC, as a result of the intentional misrepresentations by Defendant Richard Seaman as detailed in the Verified Complaint and that the transfers of the partial interests therein likewise violated 11 U.S.C. §548(a)(1), and §726.106 Florida Statutes applicable to this case by 11 U.S.C. §544. Therefore, the transfers of the deeds, mortgages, and note (attached as exhibits to the Verified Complaint), are hereby avoided. In addition,

pursuant to 11 U.S.C. §550, the property so transferred, to wit: the Antioch Hotel and the Bayshore Hotel, are hereby preserved for the benefit of the estate.

      b.    Defendants Richard Seaman, Richard Seaman PA and Middle River Oasis LLC are hereby ordered to forthwith deliver fully executed deeds transferring whatever interest these Defendants may have in the Antioch Hotel, more particularly described as: Lot 5, Block 6, Birch Ocean Front Subdivision, according to the Plat thereof, as recorded in Plat Book 19, at Page 26, of the Public Recorded of Broward County, Florida and the Bayshore Hotel, more particularly described as: Lot 7, Block 6 Birch Ocean Front Subdivision, according to the Plat thereof, as recorded in Plat Book 19, at Page 26, of the Public Records of Broward County, Florida to the Plaintiff. If the Defendants fail to deliver deeds to the Plaintiff with respect to the Antioch Hotel and Bayshore Hotel within 10 days of the entry of this Judgment, then this Judgment itself may be recorded and stand as a reconveyance of the afore-described properties from them and each of them to John E. Dokimos.

      c.    Defendant Village Townhomes of Coconut Creek LLC shall, within 10 days of the entry of this Judgment, record a discharge of mortgage as to the Antioch Hotel and Bayshore Hotel Properties, and if it does not so comply, then this Judgment itself may be recorded and stand as a discharge of the afore-described mortgage.

3.    As sought in Count IV, Defendants Middle River Oasis, LLC and Richard Seaman shall, within 90 days, provide to the Plaintiff a full accounting (i) of Middle River Oasis, LLC's business transactions, including all of its receipts and disbursements since its inception, (ii) all of Middle River Oasis LLC's assets and liabilities; and (iii) all transfers of property.

4. As sought in Counts XXV and XXVI, the Plaintiff is awarded a judgment in his favor and against Defendant Richard Seaman for money damages occasioned by the breach by Defendant Richard Seaman of his contract with the Plaintiff as detailed in the Verified Complaint and for violating the Florida Unfair and Deceptive Trade Practices Act, §501.204 Fla. Stat. Damages are awarded against Defendant Richard Seaman as follows:

    a. $108,000 to the Plaintiff for Defendant Richard Seaman's failure to pay the full $520,000 investment;

    b. Consequential damages in the amount of $5,000,000 arising from Defendant Richard Seaman's breaches of the contract with respect to paying the original investment amount of $520,000 in full and for failing to fulfill his obligation to raise capital for the business venture of Middle River Oasis, LLC;

    c. Additional interest accrued on the mortgage obligations upon the Antioch Hotel and the Bayshore Hotel in the amount of $301,500, (calculated through February 26, 2007 the date of the evidentiary hearing), occasioned by the Plaintiff's inability to refinance or to sell the properties because of the confused state of title Defendants Richard Seaman and Richard Seaman PA created;

    d. Damages in the amount of $200,000 occasioned by the incurring of liability to real estate agent Jean Hasson for a commission relative to the business venture;

Therefore, total damages awarded in this Judgment in favor of the Plaintiff and against Defendant Richard Seaman, are $5,609,500.

Attorney's fees and costs incurred in the bankruptcy case, which form part of the damages caused by the breach of contract, and attorney's fees and costs incurred in this

litigation, which shall be awarded to the Plaintiff under the Florida Deceptive and Unfair Trade Practices Act §501.211 Fla. Stats., will be considered by separate fee applications and a supplemental judgment may be awarded therefore.

Inasmuch as the Court has awarded relief under Counts II, III, and XIX - XXIV, relief under Counts IX and X are moot. Furthermore, inasmuch as the Court has awarded relief under Counts I and IV, and Properties 1-4 were transferred to Middle River Oasis, LLC, of which the Court has determined the Plaintiff to be a full member entitled to 50% financial and management interest therein, relief under Counts V- VIII is also moot. However, if, after the accounting ordered as requested in Count IV of the Verified Complaint and as directed herein, it appears that Middle River Oasis, LLC transferred one or more of Properties 1 – 4 as identified in the Verified Complaint, then this Judgment shall neither bar nor merge any cause of action against persons, including but not limited to Defendant Richard Seaman, for misappropriating, if that be the case, of the proceeds of such transfer or for effecting a fraudulent transfer of any or all such Properties.

Accordingly, it is ordered that each of the items of equitable, declaratory, monetary and other relief stated above are the judgment and order of this Court for which let execution issue.

###

Copies to:

Kevin C Gleason, Esq
4121 N 31 Ave
Hollywood, FL 33021

Arthur J. Spector, Esq
350 E Las Olas Blvd #1000
Ft. Lauderdale, FL 33301